UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Eddie D. Spiller, #227632,

                Petitioner,      Case No. 16-cv-11269
                                     Hon. Judith E. Levy
v.                                       Mag. Judge Mona K. Majzoub

Duncan MacLaren,

                Respondent.

_____/

**OPINION AND ORDER DISMISSING THE PETITION
FOR A WRIT OF HABEAS CORPUS, DENYING A
CERTIFICATE OF APPEALABILITY, AND DENYING
<u>LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL</u>**

## I.    Introduction

Michigan prisoner Eddie D. Spiller ("Petitioner") has filed a pro se petition for a writ of habeas corpus challenging, in part, the constitutionality of his mandatory non-parolable life sentence for his first-degree murder conviction, which was imposed following a jury trial in the Genesee County Circuit Court in 1992. Petitioner was seventeen years old at the time of the crime. Petitioner previously filed a habeas petition in federal court, which was dismissed as untimely in 2002. The

United States Court of Appeals for the Sixth Circuit, however, has granted Petitioner permission to file a second or successive petition based upon the United States Supreme Court's recent decision in *Montgomery v. Louisiana*, ___ U.S. ____, 136 S. Ct. 718 (2016).[1] For the reasons that follow, the Court dismisses without prejudice the petition for a writ of habeas corpus on exhaustion grounds. The Court also denies a certificate of appealability and denies leave to proceed in forma pauperis on appeal.

## II. Analysis

Petitioner asserts that he is entitled to habeas relief because mandatory non-parolable life sentence, imposed for a crime he committed as a juvenile, violates the Eighth Amendment. Petitioner relies upon *Miller v. Alabama*, ___ U.S. ____, 132 S. Ct. 2455 (2012), in which the Supreme Court ruled that a sentence of life imprisonment without the possibility of parole for a juvenile offender who commits any offense, even murder, is unconstitutional. *Miller* did not indicate whether its ruling applied retroactively to cases on collateral review.

---

[1] Petitioner also raises a claim concerning the effectiveness of trial and appellate counsel relative to his direct appeal. The Sixth Circuit's successive petition authorization order does not encompass that claim.

The United States Supreme Court recently resolved that issue in *Montgomery* by ruling that *Miller* applies retroactively to cases on state collateral review.

It is well established that a prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must first exhaust available state court remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). A Michigan prisoner must raise each issue he or she seeks to present in a federal habeas proceeding to the state courts for review. The claims must be "fairly presented" to the state courts, meaning that the petitioner must have asserted both the factual and legal bases for the claims in the state courts. *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *see also Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *McMeans*). The claims must be presented to the state courts as federal constitutional issues. *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). For a Michigan prisoner, each issue must also be raised before the Michigan Court of Appeals

and the Michigan Supreme Court to satisfy the exhaustion requirement. *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009) (citing *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990)). While the exhaustion requirement is not jurisdictional, a "strong presumption" exists that a prisoner must exhaust available state court remedies before seeking federal habeas review. *Granberry v. Greer*, 481 U.S. 129, 131, 134-35 (1987); *Wagner*, 581 F.3d at 415 (citing *Harris v. Lafler*, 553 F.3d 1028, 1031 (6th Cir. 2009)). The burden is on the habeas petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

In this case, Petitioner fails to show that he has properly exhausted state court remedies as to his sentencing claim because he has to rely upon *Miller* and *Montgomery* in order to obtain collateral review of his sentencing claim – as well as any potential relief. Petitioner has not given the state courts the opportunity to review his sentencing claim in light of the Supreme Court's decision in *Montgomery*. Moreover, Petitioner has an available avenue for relief in the state court system such that his further pursuit of state court remedies would not be futile. For example, he may file a second motion for relief from judgment with the state trial court under Michigan Court

4

Rule 6.500 *et seq.*, raising his sentencing claim and relying upon both *Miller* and *Montgomery*, and then pursue the matter in the state appellate courts if necessary.

Additionally, anticipating that the United States Supreme Court might rule that *Miller* applies retroactively, the State of Michigan has instituted a statutory procedure for resentencing juvenile offenders, like Petitioner, who were given mandatory non-parolable life sentences. *See* Mich. Comp. Laws § 769.25a (setting forth a procedure for cases that became final before the *Miller* decision). Petitioner is thus entitled to resentencing under state law. After resentencing, he may pursue a direct appeal of the resentencing decision in the state courts and then seek federal habeas relief anew based upon the resentencing decision, if necessary. Petitioner has available state court remedies that must be exhausted before he proceeds in federal court.[2]

Federal habeas law provides that a habeas petitioner is only entitled to relief if he can show that the state court adjudication of his

---

[2]The Court notes that the State will be providing Petitioner with the only relief that he could obtain in this habeas action - resentencing - even if the Court were to ignore the exhaustion issue and rule in his favor on the merits.

claim resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the United States Supreme Court. 28 U.S.C. § 2254(d). The state courts must first be given a fair opportunity to rule on Petitioner's sentencing claim under *Miller* and *Montgomery* before he can present the claim in federal court. Otherwise, the Court cannot apply the standard found in 28 U.S.C. § 2254. Because Petitioner has not exhausted available state court remedies as to the legal basis for his claim, his habeas petition must be dismissed.

### III. Conclusion

For the reasons stated, the Court concludes that Petitioner has not exhausted available state court remedies as to his habeas claim. Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the petition for a writ of habeas corpus. Should the State fail to conduct the resentencing hearing required under Mich. Comp. Laws § 769.25a, Petitioner may move to re-open this case. The Court, however, does not retain jurisdiction over any claims arising from the resentencing decision.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court denies relief on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). Reasonable jurists could not debate the correctness of the Court's procedural ruling. Accordingly, the Court **DENIES** a certificate of appealability. The Court also **DENIES** leave to proceed in forma pauperis on appeal as an appeal cannot be taken in good faith. Fed. R. App. P. 24(a). This case is closed.

    **IT IS SO ORDERED**.

Dated: April 20, 2016                        s/Judith E. Levy
Ann Arbor, Michigan                   JUDITH E. LEVY
                                          United States District Judge

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 20, 2016.

                                            s/Felicia M. Moses
                                            FELICIA M. MOSES
                                            Case Manager